UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 20-215-RSM |
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT'S TRIAL BRIEF |
| ELLEN B. REICHE, | ) | |
| Defendant. | ) | |

Ellen Reiche, through counsel, presents this Trial Brief to assist the court in understanding the facts and potential evidentiary issues that may arise at trial.

A. INTRODUCTION

The government alleges that Ms. Reiche impaired the operation of the railroad signal systems. The government's core allegation is that Ms. Reiche was responsible for placing a "wire shunt" across and underneath the railroad tracks approximately 100 yards north of the Cliffside Drive railroad crossing in Bellingham, Washington. Ms. Reiche was not alone. There will be testimony from the responding officers that co-defendant Samantha Brooks was also present with Ms. Reiche.

The government will argue that the wire retrieved from the area impaired the operation of the railroad signal systems by indicating that the block area of tracks was occupied and that the interference could affect the nearby crossing arms. The

TRIAL BRIEF (Defense) - 1
(*USA v. Reiche* / CR20-215-RSM)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

government's proposed jury instructions, and their trial brief, indicate three theories of culpability: 1) That Ms. Reiche was responsible for placing the wire shunt underneath the tracks impairing the operation of the railroad signal systems; 2) That Ms. Reiche attempted to impair the operation of the railroad signal system by placing the wire shunt underneath the tracks; and 3) That Ms. Reiche conspired with another to impair the operation of the railroad signal system. Should the evidence presented at trial support these alternatives, the defense agrees that a special verdict form would be necessary to ensure jury unanimity.

Of course, if the evidence presented at trial fails to support an "Attempt," or a "Conspiracy," then the Court's jury instructions should exclude the government's proposed "to convict" instructions that are based on these alternative theories of culpability.

### B. TRIAL LENGTH

The defense predicts that this trial will take one to two full business days to finish. Excluding the defendant, who has a constitutional right to testify, the defense's case in chief would involve one witness. The defense may call FPD investigator Charles Formosa as a witness to lay the foundation for several photographs of the area that the defense may seek to introduce into evidence. His testimony may be unnecessary if the government stipulates to foundation and relevance, which we expect. Other than Mr. Formosa, the only other potential defense witness would be the defendant should she choose to testify.

### C. EVIDENTIARY MATTERS

At the time of this filing the defense does not have any evidentiary matters that need to be addressed pre-trial. Should the government present new discovery going forward, the defense may accordingly raise motions in limine that would need to be addressed outside the presence of the jury.

TRIAL BRIEF (Defense) - 2
(*USA v. Reiche* / CR20-215-RSM)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

D. WITNESS TESTIMONY AND MASKS

The defense would respectfully request that when a witness is speaking, that he or she remove the mask.

E. JURY INSTRUCTIONS AND THE VERDICT FORM

The defense is in agreement with the government's proposed jury instructions with the following caveat. Should the evidence not support an "attempt" or "conspiracy," then the defense will object to those instructions respectively.

In the event the evidence at trial supports instructions for "Attempt" and/or "Conspiracy," the defense is in agreement with the government's proposed verdict form but with the following requested modification. The three special verdict questions inquiring about whether the jury is unanimous on the completed offense, attempt, and conspiracy should each have the boxes YES or NO next to them.

Finally, the defense will propose a "Mere Presence" instruction in accordance with Ninth Circuit Model Instruction Number 6.10. The defense believes that the evidence presented at trial would support this particular instruction.

DATED this 26th day of August, 2021.

Respectfully submitted,

s/ *Jesse Cantor*
Assistant Federal Public Defender

s/ *Christopher Sanders*
Assistant Federal Public Defender
Attorneys for Ellen Brennan Reiche

TRIAL BRIEF (Defense) - 3
(*USA v. Reiche* / CR20-215-RSM)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100